FILED '09 APR 29 11:32 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFERY DUKE AULD,

              Plaintiff,          Civil No. 08-3110-TC

                   v.                  FINDINGS AND
                                    RECOMMENDATION

LT. JEANETTE DAVIDSON
et al.,

              Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate in the Klamath County Jail, filed a complaint under 42 U.S.C. § 1983 alleging four claims for relief. Defendants now move for summary judgment (#8). Plaintiff has not filed a response.

    Plaintiff's first claim alleges that defendants reviewed

1 - FINDINGS AND RECOMMENDATION

a personal, confidential letter to his physician. "This, I feel is a direct violation of my HIPPA rights and whereas the letter contained mental health issues should be safeguarded under HIPPA." (sic) Complaint (#2) p. 4.

Plaintiff filed a grievance concerning this alleged violation of his rights. Defendants apparently concede that plaintiff exhausted his administrative remedies concerning this claim.

However, no express or implied private right of action exists under HIPPA. See, Johnson v. Quander, 370 . Supp.2.d 79. 99 (D.D.C. 2005); Logan v. Dep't of Veterans Affairs, 357 F.Supp 2d 149, 155 (D.D.C. 2004); O'Donnel v. Blue Cross Blue Shield of Wyoming, 173 F. Supp.2d 1176, 1178 (D. Wyo. 2001). Accordingly, defendants are entitled to judgment as a matter of law as to plaintiff's first claim for relief.

Plaintiff's second claim alleges that the jail policy concerning inmate communications with clergy violates his rights. Plaintiff's third claim alleges that defendant Tarpening violated his "HIPPA rights" by discussing his mental health issues and possible treatment in front of other inmates. Plaintiff's fourth claim alleges "unfair treatment of prisoners accused of committing a sexually based crime in

2 - FINDINGS AND RECOMMENDATION

Klamath County.  Complaint (#2) p. 15.

It is undisputed that plaintiff did not file any grievances concerning the matters alleged in claims 2 - 4.

42 U.S.C. § 1997(e)(a) requires that inmates exhaust all administrative remedies prior to filing an action under 42 U.S.C. § 1983.  <u>Porter v. Nussle</u>, 534 U.S. 516, 531-32 (2002);<u>Booth v. Churner</u>, 532 U.S. 731 (2001); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003); <u>Bennett v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002); and <u>McKinney v. Carely</u>, 311 F.3d 1198 (9th Cir. 2002); <u>Jones v. Bock</u>, 127 S.Ct. 910, 922-23 (2007).

If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice.  <u>Waytt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003).[1]

Plaintiff's claim two alleges that the existence of the jail policy concerning inmate communications with clergy violates his rights.  However, plaintiff has not alleged that any of his communications with clergy have been monitored, reviewed, or intercepted.  Accordingly, in addition to not

_____

[1]Unless, of course, other grounds exist for dismissing the claims with prejudice.

3 - FINDINGS AND RECOMMENDATION

.

having exhausted his remedies with respect to claim two, plaintiff's claim two is not ripe. <u>Clinton v. Acequia</u>, 94 F.3d 568, 572 (9th Cir. 1996).

It is possible that plaintiff could exhaust administrative remedies as to the matters alleged in claim two and arguably state a claim cognizable under 42 U.S.C. § 1983. Accordingly, claim two should be dismissed without prejudice.

Plaintiff's claim three alleges a HIPPA violation arising out of on defendant Tarpening's alleged comments about his mental health issues in the presence of other inmates. However, as discussed above concerning plaintiff's claim one, HIPPA does not provide for a private right of action for enforcement. Accordingly, claim three should be dismissed with prejudice.[2]

Plaintiff's claim four alleges that he is being treated unfairly because he receives "2 1/2 hrs. out a day whereas the other sections receive 6 hours." Complaint (#2) p. 15.

The record reflects that plaintiff is housed separately for his own safety due to the fact that he is accused of

---

[2]Plaintiff's general allegations about his right to "basic medical care rights ... under the Klamath County Inmate Handbook" are not supported by any specific allegations of fact and fail to state a claim as a matter of law.

4 - FINDINGS AND RECOMMENDATION

committing sex crimes.  This policy is reasonably related to the safety, security and orderly operation of the Klamath County Jail.

Although plaintiff alleges that he receives less time out of his cell than other inmates, he not alleged any facts that would establish a violation of his constitutional rights. See, eq, Campbell v. Cauthron, 623 F.2d 503, 507 (8 th Cir. 1980) (pre-trial detainees generally entitled to one hour of exercise outside their cells daily).

Summary:  Based on all of the foregoing, I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary judgment (#8) should be allowed.  Defendant's claims one, three and four should be dismissed with prejudice.  Plaintiff's claim two should be dismissed without prejudice.  This action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this

5 - FINDINGS AND RECOMMENDATION

recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 29th day of April, 2009.

Thomas M. Coffin
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION